UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                CIVIL ACTION

SHARON SYLVESTER                  NO:  20-2469

                                                      SECTION: "S" (2)

## OPINION

This matter is on appeal from the bankruptcy court's Order entered July 2, 2020, allowing fees and costs for the law firm of Chaffe McCall, LLP. For the reasons that follow,

**IT IS ORDERED** that the ruling of the bankruptcy court allowing the fees and costs is **AFFIRMED**.

## BACKGROUND

Following the conversion of this bankruptcy case to a chapter 7 case, Barbara Rivera-Fulton was appointed as the chapter 7 trustee ("Trustee"). Subsequently, Chaffe McCall, LLP ("Chaffe") was authorized and employed by the bankruptcy court to represent the trustee in connection with legal matters arising out the administration of the chapter 7 case. As a result of the trustee's and Chaffe's efforts, the debtor-appellant, Sharon Sylvester ("Sylvester"), was able to sell one of her properties, paying in full all associated lien claims, general unsecured claims, and administrative expenses. Sylvester was also able to keep a second property, unencumbered, and maintain a 50% interest in a third immovable property. She is also expected to receive a distribution at the conclusion of this case.

On March 18, 2020, Chaffe filed its application for fees and costs incurred in representation of the trustee. Sylvester opposed the fee application. The bankruptcy court granted the fee application in its entirety, awarding Chaffe fees of $16,185.00 and expenses of $338.00. Sylvester's motion to reconsider the award was denied, and the instant appeal was filed. The sole issue in this appeal is whether the bankruptcy court's award of $16,523.00 in fees and expenses to Chaffe, for its work assisting the trustee in this matter, impermissibly included fees for work that was encompassed in the trustee's duties, rather than legal work.

## DISCUSSION

*Standard of Review*

Title 28 U.S.C. § 158(a)(1), confers jurisdiction upon district courts to "hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. A district court reviews a bankruptcy court's decision under the same standard of review that an appellate court applies to a district court judgment. See 28 U.S.C. § 158(c)(2). Thus, the court reviews a bankruptcy court's conclusions of law de novo and findings of fact for clear error. Id. In re Nat'l Gypsum Co., 208 f.3d 498, 504 (5th Cir. 2000). A bankruptcy court's award of attorneys' fees is reviewed for abuse of discretion. In re Woerner, 758 F.3d 693, 699 (5th Cir. 2014), on reh'g en banc, 783 F.3d 266 (5th Cir. 2015)(citing In re Cahill, 428 F.3d 536, 539 (5th Cir. 2005) (other citations omitted)).

"An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." Cahill, 428 F.3d at 539 (5th Cir. 2005) (quoting In re Evangeline Ref. Co., 890 F.2d 1312, 1325 (5th Cir.1989)). As the Fifth Circuit has observed, "in

2

the context of fee awards, 'the lower court has a far better means of knowing what is just and reasonable than the appellate court can have.' " Evangeline, 890 F.2d at 1327 (5th Cir. 1989) (quoting Trustees v. Greenough, 105 U.S. 527, 537 (1881)). However, the bankruptcy court "must provide a clear explanation of the reasons for the fee award." Id.

*Applicable Law*

Title 11, section 327, authorizes the trustee, "with the court's approval, [to] employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties. . . ." Section 330 permits a compensation award to a professional employed pursuant to section 327.

"A court may not compensate an attorney appointed to represent the trustee for services which coincide or overlap with the duties of the trustee, except where services are necessarily performed by an attorney due to reasons of complexity or difficulty, and only then to the extent legal expertise is required." In re D'Amico, 2009 WL 2982987, at *4 (Bankr. N.D.N.Y. Sept. 14, 2009) (citing U.S. Trustee v. Porter, Wright, Morris & Arthur, 930 F.2d 386, 388 (4th Cir.1991); In re Mabson Lumber Co., 394 F.2d 23, 24 (2d Cir. 1968)). The ministerial and administrative duties required for the bankruptcy estate should be performed by the trustee. Id. (citing In re Air Vermont, Inc., 114 B.R. 48, 50 (Bankr. D. Vt. 1988)).

Sylvester contends that the bankruptcy court erred when it awarded fees to Chaffe for duties that should have been performed by the trustee without the assistance of an attorney. Sylvester further asserts that "an examination of Chaffe's Fee Application reveals that most of

the services performed were actually the administrative or ministerial duties of the Trustee."[1] Sylvester also emphasizes language in the bankruptcy court's order that "a review of Chaffe's time entries reveals that some of the tasks could fall into . . . trustee duties."[2]

*Analysis*

In adjudicating the fee application in this case, the bankruptcy court applied the applicable standard for evaluating it set forth in 11 U.S.C. §330(a)(3), and employed the Fifth Circuit's "lodestar" method and explicitly and individually considered the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). The bankruptcy court found the fees and expenses incurred reasonable and necessary to the administration of the case. See 11 U.S.C. § 330(a)(4). The bankruptcy court further determined that the time and labor expended, rates charged, and the services performed were completed within a reasonable amount time, and were commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. See 11 U.S.C. § 330(a)(3).

In considering the reasonableness of the time and labor expended, the bankruptcy court specifically examined the issue of whether the attorney had performed work that should have been performed by the trustee. In conducting that inquiry, the bankruptcy court specifically observed that "the demarcation between what tasks constitute duties to be performed solely by the trustee and what can and should be delegated to an attorney is often not black and white."[3]

---

[1] Brief of Debtor-Appellant, Rec. Doc. 7, p. 17.

[2] Order Approving Fee Application, Rec. Doc. 1-1, p. 7.

[3] Id. (citing In re D'Amico, 2009 WL 1982987, at *5 (Bankr. N.D.N.Y. Sept. 4, 2009)).

As noted by the bankruptcy court in In Re Leslie,

> given the difficult tasks a Chapter 7 trustee performs, such a black and white demarcation simply is not possible. . . in many cases, the trustee competently can pursue [basic negotiation for recovery of assets] . . . but not in all cases. Some cases require the extra assistance of a lawyer to facilitate a more favorable result for the estate. The lawyer's time and effort usually are well worth the effort and are not to be discouraged.

In re Leslie, 211 B.R. 1016, 1018 (Bankr. M.D. Fla. 1997). "[T]rustees know how to administer cases, should have the discretion to retain lawyers as needed, and should be judged based on their and their attorney's success, not an artificial and unworkable rule which limits the ability of a trustee to receive professional assistance." Id.

In this case, the bankruptcy court acknowledged that certain tasks undertaken by the attorney, including reviewing the debtor's records, liquidating estate property, and investigating financial affairs of the debtor, could *potentially* fall into the duties of the trustee. However, the bankruptcy court concluded that the attorney had not impermissibly performed trustee tasks, emphasizing the successful result, and essentially found that the result spoke for itself.[4] In other words, absent the potential trustee duties having been undertaken by a skilled attorney with bankruptcy expertise, the estate would not have received the benefit that it did, namely, the sale of one property and payment in full of all associated claims and expenses, the retention of a

---

[4] The court notes that the vast majority of cases addressing this issue arise when the trustee is acting in a dual role as both the trustee and the trustee's attorney, a scenario inapplicable in the instant case. In that situation, the goal of scrupulously policing which duties of the trustee in his trustee capacity are non-delegable to the trustee in his attorney capacity is to prevent the trustee from avoiding the fee cap provided in section 326. 11 U.S.C. 328(b), Revision Notes. That scenario is inapplicable here, where the trustee and retained counsel are not the same nor from the same firm.

second property unencumbered, a 50% interest in a third immovable property, and a distribution to the debtor at the conclusion of this case.

"[T]he appropriate standard to determine whether fees incurred by attorneys for Chapter 7 trustees are compensable is to utilize the same standards applicable in reviewing any other professional fee application, not a list of what is and what is not properly trustee work." Id. (citing American Benefit Life Insurance Company v. Baddock (In re First Colonial Corporation of America), 544 F.2d 1291, 1298 (5th Cir.1977), cert. denied, 431 U.S. 904 (1977); Johnson, 488 F.2d at 717-19)). A review of the bankruptcy court's order reflects that it independently reviewed the reasonableness of Chaffe's fees, considering time spent, rates charged, the complexity of the issues, the expertise of the billing attorney, and customary compensation for this type of work.[5] The bankruptcy court further explicitly found that the time spent crafting a deal that allowed Sylvester to pay all the claims of the estate and keep her property was justified.[5] The court further found that Chaffe's specific expertise in bankruptcy law, commercial law, real estate law, and secured transactions enabled it to secure an outstanding outcome for the creditors and Sylvester.[6] Hourly rates charged were within the norm for this district, all creditors were paid in full, and Sylvester was able to retain some of her immovable property unencumbered.[7]

---

[5] Order Approving Fee Application, Rec. Doc. 1-1, p. 4.

[5] Id. at 8.

[6] Id.

[7] Id. at 9.

On this record, the court finds that the bankruptcy court did not apply an improper legal standard or follow improper procedures in calculating the fee award, nor did it rest its decision on findings of fact that were clearly erroneous. See Cahill, 428 F.3d at 539. The court finds no error in the bankruptcy court's finding that Chaffe's services were necessary to the administration of the estate. Accordingly, it will not disturb the award.

**AFFIRMED**.

New Orleans, Louisiana, this 3rd day of March, 2021.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**